## MORTGAGE

Bk: 44129 Pg: 174   Doc: MTG
Page: 1 of 3   11/19/2004 10:14 AM

THIS MORTGAGE is made this 28th day of October, 2004, between Jenifer Adelman presently residing at 90 Woodland Street Natick, MA (herein the Clerk of the United States District Court for the District of Massachusetts, Boston, Massachusetts (herein "Mortgage").

WITNESSETH, for consideration paid and to secure a personal bond of even date for Jonah Adelman ("Defendant"), in Criminal No. 2004-M-0499-01 before the United States District Court for the District of Massachusetts (Court), in the amount of $100,000.00 Dollars executed by the Defendant and the Mortgagor(s) in favor of the United States of America and to secure due observance and performance of the obligation terms, and conditions as set forth in an order Setting Conditions of Release dated 10-28-04, and filed with the Court, and to further secure the performance of all other covenants and agreements of or by the Defendant and Mortgagor(s) herein for the benefit of the Mortgagee, which may now exist or may hereafter exist or accrue while this Mortgage is still undischarged of record, and in furtherance of and pursuant to an escrow agreement made this day between the Mortgagor(s), the United States Attorney for the District of Massachusetts and the Mortgagee, the Mortgagor(s) hereby mortgage, with power of sale, the following parcel of real property, with the following covenant's thereon, situate, lying and being in the County of Middlesex, Commonwealth of Massachusetts, and more particularly described in the following deed;

A deed from Jenifer Adelman
To Richard Gorbaty and Jenifer Adelman
Dated May 11, 1998 and recorded in the Middlesex County Registry of Deeds at Book 28566 Page 495



TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents royalties, mineral, oil and gas right's and profits, water, water rights, and water rights and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property are hereinafter referred to as the "Property."

THE MORTGAGOR(S) covenant with the Mortgagee as follows:

1. That the Mortgagor (s) shall pay the indebtedness as hereinbefore provided.

2. That the Mortgagor(s) will keep the property insured against loss by fire or hazards included within the term "extended coverage" for the benefit of the Mortgagee; that the Mortgagor(s) will assign and deliver the policies to the Mortgagee; and that the Mortgagor(s) will reimburse the Mortgagee for any premiums paid or insurance made by the Mortgagee on the Mortgagor(s)'s default in so insuring the Property or in so assigning and delivering the policies. However, the Mortgagee shall never be required to maintain insurance of any type or description on the Property.

3. That the Mortgagor(s) shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property, and no building on the Property shall be removed or demolished without the consent of the Mortgagee.

4. That the Mortgagor(s) will pay all taxes, assessments or water rates, and in default thereof, the Mortgagee may, but is not required to, pay the same In the event that the Mortgagee elects not to pay the same, the Mortgagee is not required to so notify the Mortgagor(s).

5. That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured by this Mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (A) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagor(s), or (2) the Defendant fails to observe the Order Setting Conditions of Release and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of America in accordance with, and only upon, an order of the Court.

6. That notice and demand or request may be made in writing and may be served in person or by mail.

7. That the Mortgagor(s) will warrant and defend the title to the Property against all claims and demands.

8. That the Mortgagor(s) will create no further encumbrances of any kind against the property.

9. That the Mortgagor(s), in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale, and that the Mortgagee is appointed and constituted the attorney irrevocable of the Mortgagor(s) to execute and deliver the said purchaser a full, transfer of all policies of insurance on the Property at the time of such sale.

10. That the holder of this Mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

11. Notwithstanding any other agreement between the Mortgagor(s) and Mortgagee, or any provision of law, the Mortgagee shall not be required to discharge this Mortgage except, upon order of the Court. It shall the obligation of the Mortgagor(s) to furnish the Mortgagee with a certified copy of said order.

IN WITNESS WHEREOF, This Mortgage bas been duly executed by the Mortgagor(s).

_[signature]_                    _[signature]_

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                                                   NOVEMBER   , 2004

Then personally appeared Richard Gorbaty and Jenifer Adelman and acknowledged the foregoing to be their free act and deed before me.

*Helena Fonseca*

NOTARY PUBLIC
My Commission Expires: